IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ZARA NORTHOVER, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | |
| | ) | HON. |
| ROCKET MORTGAGE, | ) | |
| A Michigan Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## COMPLAINT

PLAINTIFF, ZARA NORTHOVER, by and through her attorneys, CARLA D. AIKENS, P.L.C., submits her Complaint against DEFENDANT ROCKET MORTGAGE, a Michigan Limited Liability Company ("Rocket Mortgage").

## JURY DEMAND

COMES NOW PLAINTFF, ZARA NORTHOVER, and hereby makes her demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, Plaintiff Zara Northover was a resident of Wayne County in the State of Michigan.

1

2. Rocket Mortgage is a for-profit Corporation with a principal place of business in Wayne County at 1050 Woodward Ave, Detroit, Michigan 48226.

3. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5. Venue is proper in the Eastern District of Michigan pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff is a Black woman and was hired by Defendant as an Associate Banker in December of 2014.

7. At all times relevant to this Complaint, Plaintiff's position was Executive Refinance Banker.

8. Plaintiff has engaged in prior EEOC activity and had previously filed a lawsuit against Defendant.

9. On or around December of 2022, Plaintiff was placed on a "production letter" for being at the bottom 10 percent of the team for writing folders.

10. Plaintiff successfully completed the requirements for the Production Letter.

11. Upon information and belief, Plaintiff was denied transferr to a different department, while similarly situated white employees were allowed to transfer.

12. Around February of 2023, a supervisor told Plaintiff her salary would be reduced and that the hours of her position were being changed.

13. Plaintiff talked with her supervisor about concerns for her being in Refinance Banking and pointed out her experience to apply for salaried roles like Director of DEI.

14. Upon information and belief, Plaintiff's applications were being improperly denied.

15. Plaintiff's supervisor agreed she should be allowed to apply for the roles, but was shutdown by the TRS.

16. Additionally, Defendant, through its agents, improperly informed all leadership of the details of Plaintiff's approved FMLA.

3

17. On or about April 1, 2023, Plaintiff's salary decreased from $62,000 to $26,000.

18. On or about April 10, 2023, Plaintiff was issued a second Production Letter, allegedly based upon being in the bottom 10 percent of closing production in February and March of 2023.

19. This second Production Letter led to Plaintiff being demoted.

20. Upon information and belief, Plaintiff had white male counterparts who received two Production Letters within six months.

21. These white male employees were not demoted.

22. Further, these white male employees were allowed to transfer into different departments whereas Plaintiff was not.

23. Plaintiff brough this disparate treatment to the attention of her supervisors and/or Human Resources with no action being taken.

24. Plaintiff was informed about her second Production Letter later than her white male counterparts, who were not demoted, because she was on FMLA at the time it was received.

25. These white male employees were given 30 days to comply with the letter, while Defendant told Plaintiff she would only get 27 days because she was out on FMLA.

26. Plaintiff filed and requested an internal complaint.

27. Plaintiff then filed an EEOC complaint on April 18, 2023 and informed her superiors of the filing.

28. Plaintiff has been further securitized and/or discriminated against since making these complaints as well as prior complaints from 2021 and 2022.

29. Plaintiff was summarily terminated on May 10, 2023 and was not allowed to collect her personal items.

30. This termination occurred before the completion of the investigation into Plaintiff's complaints.

31. Plaintiff filed a charge with the EEOC, No. 471-2023-03364, alleging retaliation, race discrimination, and sex discrimination with the EEOC issuing a Right to Sue letter on March 22, 2024.

## COUNT I
## GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF TITLE VII

19. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

20. At all material times, Defendant was an employer covered by, and within the meaning of, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

21. Defendant's conduct, as alleged herein, violated Title VII, which makes it unlawful to sexually harass an employee or discriminate against said employee on the basis of gender.

22. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

23. Plaintiff is a woman and a member of a protected class.

24. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

25. Male co-workers were treated more favorably than her despite similar situations as described in the statement of facts.

26. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

27. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

28. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**
**GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")**

29. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

30. At all material times, Defendant was an employer covered by, and within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA"), as amended.

31. Defendant's conduct, as alleged herein, violated ELCRA, which makes it unlawful to sexually harass or discriminate against an employee.

32. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

33. Plaintiff is a woman and a member of a protected class.

34. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

35. Male co-workers were treated more favorably than her despite similar situations as described in the statement of facts.

36. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an

7

intimidating, hostile, or offensive work environment as alleged in the statement of facts.

37. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

38. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

39. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

40. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

41. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

42. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

43. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff reported brought up the disparate treatment she received, engaged in prior EEOC activity and filed a lawsuit for discrimination.

44. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant, and Defendant participated in the prior EEOC and legal proceedings.

45. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

46. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

47. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

48. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

49. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

50. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ELCRA

51. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

52. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

53. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

54. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

55. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts.

56. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to multiple agents of Defendant, and Defendant participated in the EEOC proceedings and lawsuit.

57. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

58. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

59. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

60. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

61. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

62. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V
## HARRASMENT & DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")

63. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

64. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

65. Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's skin color.

66. A respondeat superior relationship existed because Defendant and its agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

67. Moreover, a respondeat superior relationship existed because Defendant and its agents had the ability to undertake or recommend tangible decisions affecting all Plaintiffs and the authority to direct those Plaintiffs' daily work activities, as alleged in the statement of facts.

68. Plaintiff is a Black woman, and, as a result, is a member of a protected class pursuant to Title VII.

69. Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class, as set forth in the facts section above, including but not limited to treating her differently and holding her to a different standard than those who were not Black.

70. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

71. Plaintiff notified Defendant, through its agents, of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication, including but not limited to subjecting her to worse treatment than her colleagues, on the basis of her race.

72. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

73. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

### COUNT VI
### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

74. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

75. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

76. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

77. Plaintiff is a Black woman, and, as a result, is a member of a protected class pursuant to ELCRA.

78. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

79. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

80. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

81. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

82. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## INTERFERENCE AND RETALIATION

83. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

84. At all relevant times, Plaintiff was Defendant's employee within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

85. At all relevant times, Defendant was an employer within the meaning of the FMLA, 29 U.S.C. § 2601, et seq.

86. Plaintiff fell within the protection of the FMLA as a person with a serious health condition. 29 U.S.C. § 2612(a)(1)(C).

87. At all relevant times, Plaintiff had medical conditions that required the use of her accrued leave and had approval of the same.

88. Under the FMLA, Defendant had an obligation to provide Plaintiff with up to 12 weeks of leave for a serious health condition which rendered Plaintiff unable to perform the functions of her position.

89. In addition, Defendant is prohibited under FMLA from retaliating against Plaintiff for requesting and/or taking FMLA leave.

90. Defendant violated these protections as alleged in the statement of facts.

91. As a direct and proximate result of Defendant's violation of FMLA and retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment.

92. As a direct and proximate result of Defendant's violation of FMLA and retaliation, Plaintiff has suffered and will continue to suffer mental/emotional pain and suffering, including but not limited to loss of enjoyment of a normal life due to irritability, depression, anxiety, worry, humiliation, grief, sadness, anger, and other conditions to be discovered.

## **RELIEF REQUESTED**

PLAINTIFF, Zara Northover, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  June 19, 2024

Respectfully Submitted,

*/s/ Austen J. Shearouse*
Carla D. Aikens (P69530)
Austen Shearouse (P84852)
CARLA D. AIKENS, P.C.
*Attorneys for Plaintiff*
615 Griswold Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com